# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**ERNESTO ORTIZ,**

    **Petitioner,**

vs.                                              No. CIV 98-0570 JC/JHG

**TOM UDALL,**
**Attorney General,**

    **Respondent.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

### NOTICE

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to **28 U.S.C. § 636 (b)(1)**, file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.

### PROPOSED FINDINGS

1. This habeas corpus action brought pursuant to **28 U.S.C. §2254**, is before the Court on Respondent's Motion to Dismiss filed July 2, 1998. Petitioner (Ortiz) challenges the judgment and sentence imposed in the case styled *State of New Mexico vs. Ernesto Ortiz*, **and numbered CR-96-00071, Tenth Judicial District, County of Quay, State of New Mexico**.

2. Ortiz presents the following issues for review:

**I. DENIED DUE PROCESS WHEN DEFENDED AND PROSECUTED BY ONE AND THE SAME ATTORNEY.**

**II. CRIMINAL DEFENDANT RECEIVES INEFFECTIVE ASSISTANCE OF COUNSEL WHEN DEFENDED BY ONE AND SAME ATTORNEY.**

3. In his motion to dismiss, Respondent argues Ortiz fails to state a meritorious federal constitutional claim because the factual findings and legal conclusions of the New Mexico Court of Appeals are entitled to deference pursuant to **28 U.S.C. § 2254 (d) and (e).** The Antiterrorism and Effective Death Penalty Act (AEDPA) increased the deference federal courts pay to the state courts' factual findings and legal determinations. ***Houchin v. Zavaras*, 107 F.3d 1465, 1470 (10th Cir. 1997).** Under the AEDPA, a state court factual determination is presumed correct. **28 U.S.C. § 2254(e)(1).** The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. *Id.* Pure questions of law and mixed questions of law and fact are presumed correct unless the adjudication resulted in a decision that was contrary to, or involved and unreasonable application of federal law, as determined by the Supreme Court of the United States. **28 U.S.C. § 2254(d)(1)**.

4. The New Mexico Court of Appeals found Patricia Parke was appointed to represent Ortiz pursuant to a public defender contract. Answer, Exhibit E. Richard Wellborn was employed by Parke's law firm and was assigned the primary responsibility of representing Ortiz. *Id.* Wellborn later left Parke's law firm but continued to represent Ortiz. *Id.* Parke took a position as an assistant district attorney in the Tenth Judicial District. *Id.* To avoid any conflict, Melissa Eastham, a special prosecutor from the Ninth Judicial District, was assigned to prosecute the case. *Id.* Later, Parke signed a verified petition for a six-month rule extension request "on Ms.

Eastham's request" and the document was signed "Patricia Parke for Melissa Eastham." Answer, Exhibit E. The court of appeals held Ortiz was not prejudiced by this signature, the signature did not constitute prosecution of Ortiz, and the state met its burden of showing Parke was effectively screened from prosecuting him. *Id.* Therefore, the New Mexico Court of Appeals concluded, Ortiz did not receive ineffective assistance of counsel.

5. Ortiz failed to respond to the motion to dismiss. He has thus failed to rebut the presumption of correctness afforded the factual determinations of the New Mexico Court of Appeals by clear and convincing evidence. **28 U.S.C. § 2254(e)(1).** With respect to the pure legal questions and mixed questions of law and fact of the New Mexico Court of Appeals, the Court finds the adjudication did not result in a decision that was contrary to, or involved an unreasonable application of federal law. **28 U.S.C. § 2254(d)(1)**. The New Mexico Court of Appeals' findings and conclusions are hence entitled to deference under **28 U.S.C. § 2254 (d)and (e).** Therefore, Respondent's Motion to Dismiss filed July 2, 1998 should be granted.

## RECOMMENDED DISPOSITION

Respondent's Motion to Dismiss filed July 2, 1998 should be granted.

_____
**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**